IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

KELVIN FRAZIER,
    Plaintiff,

vs.                                    Case No.: 3:08cv398/LC/MD

WALTER A. MCNEIL, et al.,
    Defendants.

## O R D E R

This cause is before the court upon plaintiff's *pro se* civil rights complaint filed pursuant to 42 U.S.C. §1983 (doc. 1), his motion for permission to exceed normal page limit with regard to his complaint (doc. 2), his motion to proceed *in forma pauperis* (doc. 3), and his motion for preliminary injunction (doc. 4). Good cause having been shown, plaintiff's motions to exceed page limit and to proceed *in forma pauperis* will be granted. However, from a review of the complaint, it is evident that it is not in proper form. It is further evident that the facts as presented fail to support a viable claim for relief under section 1983 as to one or more of the named defendants. The court will therefore allow the plaintiff an opportunity to clarify his allegations in an amended complaint.

Plaintiff is an inmate of the Florida penal system currently incarcerated at Santa Rosa Correctional Institution ("Santa Rosa CI"). His 17-page complaint is accompanied by a 22-page "Addendum" and a 65-page "Appendix." The complaint names nine defendants: Walter A. McNeil, Secretary of the Florida Department of Corrections ("DOC'); Toni Bowden, Senior Management Analysis II with the DOC; David Ellis, Warden of Santa Rosa CI; C. Henderson, Assistant Warden of Santa Rosa CI; Jennifer Haas, Assistant Warden of Santa Rosa CI; C. Barnes, Colonel of Santa Rosa CI; A. Williams, Lieutenant of Santa Rosa, CI; Mr. Humphrey, Warden of Lake Butler Regional Medical Center

("RMC"); and W.D. Ellis, Colonel of RMC. (Doc. 1, pp. 1-8).[1]  Plaintiff's complaint concerns an alleged assault by another inmate at Santa Rosa CI on October 27, 2007.  As relief, plaintiff seeks monetary damages as well as declaratory and injunctive relief.

As indicated previously, the complaint is not in proper form.  The Local Rules of this court provide that no civil action commenced by *pro se* litigants under 42 U.S.C. § 1983 shall be considered by the court "unless the appropriate forms have been properly completed. . . ."  N.D. Fla. Loc. R. 5.1(J)(2).  The use of a form for cases under section 1983 was implemented as a matter of administrative convenience.  Courts that have a large volume of civil rights actions, as does this court, save valuable time if they are not required to decipher lengthy and often unintelligible complaints.  The instant complaint is a case in point in that it is difficult to discern the factual basis of plaintiff's claims.  Contrary to the instructions on the complaint form,[2] plaintiff's Statement of Facts does not concisely and briefly describe what happened.  Instead, plaintiff uses this section to present five issues:  "Substantial Risk of Harm at Santa Rosa C.M.," "Defendant's Deliberate Indifference," "Assault of October 27, 2007," "Exhaustion/Due Process & Equal Protection Violations," and "Ongoing Substantial Risk of Serious Harm" all of which contain argument and references to the Florida Administrative Code.

Additionally, instead of setting forth his factual allegations and claims for relief in one cohesive pleading, plaintiff's complaint is spread out over two documents, the complaint and an attached "Addendum."  The "Addendum" is in the form of a separate complaint.  The Local Rules provide that a complaint filed on the court form must set forth specific claims and supporting facts and may not make reference to a memorandum or separate pleading.  N.D. Fla. Loc. R. 5.1(J)(3).  The court will not sift through various documents to glean plaintiff's claims and the factual bases therefor.  Plaintiff should present his complaint in one cohesive document on the court form itself.  As directed on the complaint

---

[1] All references to page numbers are to those on the electronic docket.

[2] the "Statement of Facts" section of the complaint form, plaintiff is instructed to state briefly the facts of his case, confining his allegations to a description of how each defendant was involved and what each person did or did not do which gives rise to his claim.  In describing what happened, plaintiff is directed to state the names of persons involved, dates, and places, and to refrain from making any legal arguments or citing to any cases or statutes.

*Case No: 3:08cv398/LC/MD*

form, if he finds it necessary to attach continuation pages to a particular section of the complaint form, he should incorporate those pages into the form in the appropriate location.

In addition to the forgoing, plaintiff should ensure that his complaint complies with Rule 8 of the Federal Rules of Civil Procedure. Each factual allegation must be "simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). In stating his claims for relief, plaintiff should provide "a short and plain statement of [each] claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2).

Furthermore, a cursory review of plaintiff's allegations indicates that plaintiff's claims against the RMC defendants require further factual development. The court cannot discern how these defendants were involved in the alleged assault or otherwise violated plaintiff's constitutional rights. In amending, plaintiff should name as defendants only those persons who are responsible for the alleged constitutional violations. If plaintiff cannot state exactly how a particular defendant harmed him, he should delete or drop that person as a defendant from his complaint.

Finally, it is noted that plaintiff sues defendants in their individual and official capacities. (Doc. 1, p. 9). To the extent the defendants are sued in their official capacities, they are entitled to Eleventh Amendment immunity. A plaintiff may not bring a § 1983 action for monetary damages against the sate or state officials in their official capacities. *Miller v. King*, 384 F.3d 1248 (11th Cir. 2004). A suit against a state employee in his or her official capacity is deemed to be a suit against the state for Eleventh Amendment purposes. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989). Absent waiver of express congressional abrogation, neither of which is present in this case, the Eleventh Amendment prohibits a suit brought by a private individual against a state in federal court. *See Federal Maritime Comm'n v. South Carolina State Ports Auth.*, 535 U.S. 743, 765-66, 122 S.Ct. 1864, 1877-78, 152 L.Ed.2d 962 (2002); *Kentucky v. Graham*, 473 U.S. 159, 167 n. 14, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985); *Gamble v. Florida Dep't of Health and Rehabilitative Servs.*, 779 F.2d 1509, 1511 (11th Cir. 1986). Thus, plaintiff's damages claims against defendants in their official capacities are subject to dismissal.

In amending, plaintiff should carefully review the foregoing to determine whether he can present allegations sufficient to state a cause of action under the relevant law.  If plaintiff determines that he cannot state a claim for relief under 42 U.S.C. § 1983, he should file with the court a notice of voluntary dismissal of this action.  If plaintiff chooses to file an amended complaint, he must completely fill out a new civil rights complaint form, marking it "**Amended Complaint.**"  Plaintiff must limit his allegations to claims related to the same basic incident or issue and name as defendants only those persons who are responsible for the alleged constitutional violations.  Plaintiff must place their names in the style of the case on the first page of the civil rights complaint form, and include their addresses and employment positions in the "Parties" section of the form.  In the "Statement of Facts," plaintiff should clearly describe how each named defendant is involved in each alleged constitutional violation, alleging the claims as to each defendant in separately numbered paragraphs and including specific dates and times of the alleged unconstitutional acts.  If plaintiff cannot state exactly how a particular defendant harmed him, he should delete or drop that person as a defendant from his complaint.  In the section entitled "Statement of Claim," plaintiff must state what rights under the Constitution or laws of the United States have been violated, and he must provide support in the statement of facts for the claimed violations. Plaintiff is advised that the amended complaint must contain all of his allegations because once an amended complaint is filed, all earlier complaints and filings are disregarded.  N.D. Fla. Loc. R. 15.1.

Plaintiff should file the amended complaint with an original signature with the court and keep an identical copy for himself.  Plaintiff should not file a memorandum of law or otherwise provide citations to statutes and cases, and he should not file exhibits as evidentiary support for his complaint.  The court will notify plaintiff when memoranda and exhibits are necessary, such as prior to trial or in conjunction with a motion for summary judgment.  Furthermore, plaintiff should not submit service copies of his complaint unless and until the court directs him to do so.  Finally, plaintiff is advised that discovery is premature at this stage of the case and plaintiff should not do any discovery without leave of court.

*Case No: 3:08cv398/LC/MD*

Accordingly, it is ORDERED:

1. Plaintiff's motion to proceed *in forma pauperis* (doc. 3) is GRANTED to the extent that the case may proceed without the <u>prepayment</u> of the entire filing fee.

2. The clerk of court shall assess plaintiff **$0.00** as an initial partial filing fee as provided in 28 U.S.C. § 1915(b)(1)(A). The total filing fee in this case is $350.00.

3. As funds become available in plaintiff's prison account, he shall be required to make monthly payments of 20 percent of the preceding month's income (that is, all funds deposited into the account) <u>for each case he has filed in this court.</u>[3] The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of court each time the amount in the account exceeds $10.00 until the filing fee of $350.00 is paid. A check from a penal institution, a cashier's check, or a money order should be made payable to "Clerk, U.S. District Court." Personal checks directly from prisoners will not be accepted. The following information shall either be included on the face of the check or money order or attached thereto:

(1) the full name of the prisoner;
(2) the prisoner's inmate number; and
(3) Northern District of Florida Case Number (*i.e.*, 3:08cv398/LC/MD).

Checks or money orders which do not have this information will be returned to the penal institution or to plaintiff.

4. The clerk of court shall MAIL a copy of this order, with the appropriate cover letter, to: Department of Corrections, 2601 Blairstone Road, Tallahassee, FL 32399-2500, Attention: Agency Clerk.

5. Plaintiff is warned that he is ultimately responsible for payment of the filing fee should the agency with custody over him lapse in its duty to make payments on his behalf. If plaintiff spends funds that should have been forwarded to the court as per the payment formula above, this case may be dismissed for non-payment. Furthermore, if plaintiff is transferred to another correctional institution, he should ensure that the new institution is informed about this lawsuit and the required monthly payments as set out herein. Plaintiff

---

[3]Thus, prisoners who have filed more than one case may be required to make payments totaling 40%, 60%, 80% or even 100% of their monthly deposits.

*Case No: 3:08cv398/LC/MD*

is advised to retain a copy of this order for this purpose. Finally, plaintiff is advised that dismissal or other disposition of this action will NOT relieve him of the obligation to pay the full filing fee in this case.

6. Plaintiff's motion to exceed page limit (doc. 2) is GRANTED to the extent the court has considered his original complaint.

7. The clerk of court is further directed to forward to the plaintiff a civil rights complaint form for use in actions under 42 U.S.C. §1983. This case number should be written on the form.

8. The plaintiff shall have **thirty (30) days** in which to file an amended civil rights complaint, which shall be typed or clearly written and submitted on court form as instructed above.

9. Failure to submit an amended complaint as instructed will result in a recommendation of dismissal of this action.

10. Plaintiff's motion for preliminary injunction will be addressed by separate report and recommendation.

DONE AND ORDERED this 23rd day of September, 2008.

/s/ *Miles Davis*
**MILES DAVIS
UNITED STATES MAGISTRATE JUDGE**