IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**KELVIN FRAZIER,**
    **Plaintiff,**

vs.                                                Case No: 3:08cv398/LC/MD

**WALTER A. MCNEIL, et al.,**
    **Defendants.**

## REPORT AND RECOMMENDATION

This cause is before the court upon plaintiff filing a motion for preliminary injunction. (Doc. 4).

Plaintiff is an inmate of the Florida penal system currently confined at Santa Rosa Correctional Institution ("Santa Rosa CI") in Close Management. This civil rights action concerns defendants' alleged failure to protect plaintiff from an inmate assault on October 27, 2007. (Docs. 1, 10). Plaintiff's amended complaint names seven defendants: Walter A. McNeil, Secretary of the Florida Department of Corrections ("DOC"); Toni Bowden, Senior Management Analyst II with the DOC; David Ellis, Warden of Santa Rosa CI; C. Henderson, Assistant Warden; Jennifer Haas, Assistant Warden; M. F. Barnes, Colonel; and A. Williams, Lieutenant.

In his motion for preliminary injunction, plaintiff seeks the following relief:

> order Defendants McNeil, Bowden, D. Ellis, Henderson, Haas, Barnes, Williams, their successors in office, agents, employees, and all persons acting in concert with them to protect Plaintiff from dangerous inmates, mentally ill inmates, gang member inmates, or any other known and hostile type physically aggressive inmate housed within CM, preferably, that Plaintiff be segregated and housed singlarly [sic] until leaving S.R.C.I. Further, . . . order[ ] Defendants [to] implement known F.D.O.C. and F.A.C. and F.S., policies and procedures designed to protect

>  **Plaintiff and all CM inmates housed at S.R.C.I.  Properly training staff within S.R.C.I.  Properly training staff within S.R.C.I. CM thereto, that Defendants be compelled to separate inmates (while "investigating") requesting new housing due to violence or relative security issue; that Defendants properly respond to emergencies like inmate assaults; and they implement weapons control policies.**

(Doc. 4, pp. 1-2).  Plaintiff also asks that he be immediately released from Santa Rosa CI and transferred to a different institution.  (*Id.,* p. 2).  In support of his motion, plaintiff alleges that he was the victim of an inmate assault on October 27, 2007; that he sustained serious injuries as a result of the assault; and that while housed at Santa Rosa CI in 2006 unidentified staff retaliated against him for utilizing the grievance process by issuing false disciplinary reports and using a chemical agent on him.  (Doc. 4, Decl. in Supp. of Pl.'s Mot. for T.R.O. and Prelim. Inj.).

Granting or denying a temporary restraining order or preliminary injunction rests in the discretion of the district court.  *Carillon Importers, Ltd. v. Frank Pesce Intern. Group Ltd.*, 112 F.3d 1125, 1126 (11th Cir. 1997) (citing *United States v. Lambert*, 695 F.2d 536, 539 (11th Cir. 1983)); *Johnson v. Radford*, 449 F.2d 115 (5th Cir. 1971).  The district court must exercise its discretion in the light of whether:

>  1.  There is a substantial likelihood that plaintiff will prevail on the merits;
>
>  2.  There exists a substantial threat that plaintiff will suffer irreparable injury if the injunction is not granted;
>
>  3.  The threatened injury to plaintiff outweighs the threatened harm the injunction may cause the defendant; and
>
>  4.  The granting of the preliminary injunction will not disserve the public interest.

*CBS Broad., Inc. v. Echostar Communications Corp.,* 265 F.3d 1193, 1200 (11th Cir. 2001); *Siegel v. LePore,* 234 F.3d 1163, 1176 (11th Cir. 2000); *Johnson v. United States Dep't of Agric.,* 734 F.2d 774 (11th Cir. 1984); *Canal Auth. of State of Florida v. Callaway*, 489 F.2d 567 (5th Cir. 1974).  "A preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the

**burden of persuasion as to the four requisites."** *All Care Nursing Serv., Inc. v. Bethesda Mem'l Hosp.*, **887 F.2d 1535, 1537 (11th Cir. 1989) (quotations omitted).**

**Further, the purpose of preliminary injunctive relief is to preserve the status quo between the parties and to prevent irreparable injury until the merits of the lawsuit itself can be reviewed.** *Devose v. Herrington*, **42 F.3d 470, 471 (8th Cir. 1994);** *All Care Nursing*, **887 F.2d at 1537;** *United States v. State of Alabama*, **791 F.2d 1450, 1457 n.9 (11th Cir. 1986). This necessitates that the relief sought in the motion be closely related to the conduct complained of in the actual complaint.** *Devose*, **42 F.3d at 471;** *Penn v. San Juan Hosp.*, **528 F.2d 1181, 1185 (10th Cir. 1975). Also, the persons from whom the injunctive relief is sought must be parties to the underlying action.** *See In re Infant Formula Antitrust Litig., MDL 878 v. Abbott Lab.*, **72 F.3d 842, 842-43 (11th Cir. 1995).**

**In the instant case, plaintiff's allegations fail to satisfy his burden of persuasion on each of the four elements. The fact that plaintiff was assaulted and sustained injuries is not enough to demonstrate plaintiff's likelihood of success on the merits of his Eighth Amendment claim. Further, his allegations of retaliation by unidentified officers in 2006 are more conclusory and speculative in nature, and do not appear related to the 2007 inmate assault. In any event, the court cannot determine without greater factual evidence that plaintiff is likely to suffer imminent and substantial injury because of the actions of defendants.** *See Siegel*, **234 F.3d 1162, 1176-77 (emphasizing that "the asserted irreparable injury 'must be neither remote nor speculative, but actual and imminent.'") (quoting** *Northeastern Fla. Chapter of the Ass'n of Gen. Contractors v. City of Jacksonville*, **896 F.2d 1283, 1285 (11th Cir. 1990)).[1]**

---

[1] **Moreover, the primary relief plaintiff seeks (an order requiring that he be housed in a single cell by himself and/or transferred to a different institution) involves matters of internal prison administration. Federal courts are normally reluctant to interfere with such matters since they are ill-equipped to do so.** *Procunier v. Martinez*, **416 U.S. 396, 404-06, 94 S.Ct. 1800, 40 L.Ed.2d 224 (1974),** *overruled on other grounds by Thornburgh v. Abbott*, **490 U.S. 401, 109 S.Ct. 1874, 104 L.Ed.2d 459 (1989);** *Newman v. Alabama*, **683 F.2d 1312, 1320 (11th Cir. 1982). The very nature of lawful incarceration "brings about the necessary withdrawal or limitation of many privileges and rights . . . ."** *Pell v. Procunier*, **417 U.S. 817, 822, 94 S.Ct. 2800, 41 L.Ed.2d 495 (1974) (quoting,** *Price v. Johnston*, **334 U.S. 266, 285 (1948)). As the Supreme Court stated in** *Bell v. Wolfish*, **441 U.S. 520, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979):**

**Because plaintiff has failed to meet the prerequisites for injunctive relief, his request should be denied.**

**Accordingly, it is respectfully RECOMMENDED that plaintiff's motion for preliminary injunction (doc. 4) be DENIED.**

**At Pensacola, Florida, this 19th day of November, 2008.**

/s/ *Miles Davis*
     **MILES DAVIS**
     **UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy hereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>.  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636;** ***United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).**

---

[T]he problems that arise in the day-to-day operation of a corrections facility are not susceptible of easy solutions.  Prison administrators therefore should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security.

*Id.*, 441 U.S. at 547 (citations omitted).